IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                          PLAINTIFF/RESPONDENT

V.                              No.  2:09-CV-02041
                                No.  2:07-CR-20045

JASON L. FREEMAN                                                  DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 20) filed April 10, 2009.  The United States of America filed a Response (Doc. 22) on April 22, 2009.  The Petitioner filed a Reply (Doc. 24) on April 30, 2009 and the matter is ready for Report and Recommendation.

### I.  Background

On May 8, 2007, a confidential informant, acting at the direction and under the supervision of law enforcement, made a controlled buy of two ounces of methamphetamine from Freeman. PSR1 ¶¶ 11-13. The substance weighed 54.8 grams and contained 18.1 grams of actual methamphetamine. PSR ¶ 14. On May 17, 2007, a confidential informant, acting at the direction and under the supervision of law enforcement, made a controlled buy of four ounces of methamphetamine from Freeman. PSR ¶¶ 15-16. The substance weighed 110.1 grams and contained 31.4 grams of actual methamphetamine. PSR ¶ 17.

On August 8, 2007, an Indictment was returned against Freeman charging him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and two counts of distribution of more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1)

-1-

and 841(b)(1)(A)(iii) occurring on May 8 and 17, 2007. (Docket 1) On that same date, a confidential informant, acting at the direction and under the supervision of law enforcement, made a another controlled buy of four ounces of methamphetamine from Freeman. PSR ¶¶ 18-19. The substance weighed 110.4 grams and contained 23.8 grams of actual methamphetamine. PSR ¶ 20.

On August 9, 2007, federal search warrants were executed at Freeman's residence and a storage unit used by Freeman. PSR ¶¶ 22 and 25. From the storage unit officers seized packages containing a total of 15.26 kilograms of marijuana and packages containing a total of 187.2 grams of actual methamphetamine. Freeman was arrested on August 14, 2007. PSR ¶ 46. Freeman was arraigned on August 15, 2007 and ordered detained pending trial. (Docket 2 and 3)

On October 9, 2007 pursuant to a written plea agreement, Freeman plead guilty to count 3 of the Indictment charging him with distribution of more than 50 grams of methamphetamine. (Docket 12) Freeman stipulated in paragraph 8 of the plea agreement that the most readily provable amount of methamphetamine for which he should be held accountable was between 150 grams and 500 grams of actual methamphetamine which equates to a base offense level of 34 pursuant to U.S.S.G. § 2D1.1 (c)(6).

On April 7, 2008, Freeman was sentenced to 140 months imprisonment, 5 years supervised release, $2500 fine, and $100 special assessment on count 3 and counts 1 and 2 of the Indictment were dismissed. (Docket 18 and 19) This sentence was at the bottom of the guideline range which was calculated as follows: The base offense level was set at a level 34 pursuant to U.S.S.G. § 2D1.1 (c)(6) based on the actual methamphetamine from the buys and the actual methamphetamine and marijuana from the search warrants. PSR ¶¶ 54-56 and 59. Freeman

received a 3 level reduction for acceptance of responsibility (PSR ¶ 66) and another 3 level reduction based on a motion from the government pursuant to U.S.S.G. § 5K1.1 resulting in a final offense level of 28. Freeman's criminal history points were 17 placing him in Criminal History Category VI. PSR ¶ 97. This offense level and criminal history category resulted in a guideline range of 140 to 175 months.

On April 10, 2009, Freeman filed the current motion contending in Ground One that his attorney was ineffective for not objecting the base offense level of 34 and in Ground Two for not objecting to the criminal history category of VI. Because the base offense level and criminal history category were correctly determined, Freeman's claim of ineffective assistance of counsel is without merit.

## II.  Discussion

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that

counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052).

Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999)

**Ground One: Failure to Object to Offense Level**

Petitioner alleges that his counsel was ineffective for not objecting to the base offense level of 34 as determined by the court. Freeman argues that the court improperly increased the penalty range for the count for which he plead guilty because the court went beyond the 110.1 grams of methamphetamine that was stipulated for the count of conviction and because the court "aggregated the marijuana and methamphetamine for a higher penalty range."

Paragraph sixteen of The Plea Agreement (Doc. 13) provided that "At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character

and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by section 1B1.3 of the Sentencing Guidelines." (Doc. 13, p. 6-7)

The Court, in determining Petitioner's base offense level properly considered not only the methamphetamine that was involved in the count of conviction but all the drugs that were sold or possessed by Freeman. Section 1B1.3(a)(2) of the Sentencing Guidelines provides that, in determining the base offense level, the court shall group "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Application Note 2 to § 1B1.3 states, "With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." Application Note 10 to § 1B1.3 provides, " "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction."

In applying the relevant conduct provision of U.S.S.G. § 1B1.3 to drug offenses, the Eighth Circuit has held that drug quantities not involved in the count of conviction were properly considered in determining the base offense level. See, *United States v. Murray*, 67 F.3d 687 (8th Cir. 1995). Accordingly, the court may consider quantities of drugs for which the defendant was neither indicted nor convicted, *United States v. Mann*, 877 F.2d 688, 690 (8th Cir.1989), or for

which the count was dismissed pursuant to plea agreement, *United States v. Williams*, 879 F.2d 454, 457 (8th Cir.1989). *U.S. v. Wayne,* 903 F.2d 1188, 1197 (C.A.8 (Iowa),1990)

The total amount of the methamphetamine was 1077.2 grams or 260.50 grams of actual methamphetamine.  See PSR, para 54.  The resulting offense level for that amount of methamphetamine is 34.  (See 2D1(c)(3)

The pre sentence report did state that "to combine *different* controlled substances, each of the drugs must be converted to a marijuana equivalent before they can be added together to obtain a total quantity."  The conversion rate was "1 gram of Methamphetamine(Actual) = 20 kilograms (kg) of marijuana." See PSR, para. 54.  After the conversion rate was applied the total of 5225.31 kilograms of marijuana was used for determining the base offense level.  (See PSR, para. 55)

The Petitioner contends that his attorney should have objected to this computation on the basis of Alaniz v. U.S., which provided that "a second, uncharged drug type cannot be added to the charged drug type in order to trigger a higher statutory penalty range."  *Alaniz v. U.S.,* 351 F.3d 365, 368 (C.A.8 (Mo.),2003)

Alaniz is not applicable because the government did not utilize the marijuana to secure a higher statutory penalty range.  Both computations placed the offense level at 34.

As to the aggregation of the methamphetamine amounts that Freeman sold or possessed with intent to sell Freeman specifically stipulated in paragraph eight of his plea agreement that he should be held accountable for more than 50 grams of actual methamphetamine resulting in an offense level of 34. Thus, Freeman's argument that his base offense level should be determined based only on the methamphetamine involved in the count of conviction is contrary to the law

and to his own stipulation. The Petitioner received a substantial benefit from the government by obtaining an agreement to dismiss a delivery of methamphetamine charge and a conspiracy to distribute methamphetamine charge. The court made the proper computation of total methamphetamine of 260.50 grams.

Since the court's determination of the base offense level was proper in this case, Freeman's counsel was not deficient in withdrawing his objection to the base offense level of 34.4 See, *Cassidy v. United States*, 12 F.3d 1102 (8th Cir. 1994)(Not designated for publication) (defendant's claim of ineffective assistance of counsel based on counsel's withdrawal of an objection was properly denied as there was no prejudice to defendant since there was no reasonable probability that the objection would have prevailed). *United States v. Flores*, 2006 WL 1649317 ( N.D.Iowa 2006)(Not Reported in F.Supp.2d) ( no ineffective assistance of counsel for counsel withdrawing objection to PSR where PSR was correct). An attorney is under no obligation to undertake an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988).

**Ground Two: Criminal History Calculation**

Freeman argues that his criminal history score was improperly calculated. He contends that his prior convictions in the Circuit Court of Sebastian County, Arkansas in CR96-656 ( PSR ¶ 75) and CR96-1039 ( PSR ¶ 78) should not have been counted separately but should have been counted as one offense since he was sentenced on the same day and the offenses were run concurrent with each other. This argument is contrary to U.S.S.G. §4A1.2(a)(2) which determines when multiple prior sentences should be counted separately or as one offense. It provides as follows:

"If the defendant has multiple prior sentences, [the district court must] determine whether those sentences are counted separately or as a single sentence. **Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)**. If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. [The court must count] any prior sentence covered by (A) or (B) as a single sentence." Emphasis added.

In this case, Freeman was arrested on August 31, 1996, for Possession of a Controlled Substance in CR96-656.( PSR ¶ 75)  Freeman bonded out on this charge on September 6, 1996. (Doc. 23, Exhibit A)  Freeman was arrested for Theft By Receiving in CR96-1039 on December 2, 1996 for an offense occurring that same date. See, PSR ¶ 75 and Judgment for CR96-656 and CR96-10396 (showing an offense date of December 2, 1996 for Theft by Receiving charge)(Doc. 23, Exhibit B). Since both the arrest and offense conduct for the Theft By Receiving charge in CR96-1039 occurred after Freeman's arrest and release on bond in CR96-656, then pursuant to U.S.S.G. §4A1.2(a)(2) the two offenses were correctly counted as separate offense

Freeman's argument is also unavailing because, even if these two offense were counted as a single offense, it would have no effect on his guideline sentence range because his criminal history category would remain the same. Freeman's prior convictions resulted in 17 criminal history points placing Freeman in criminal history category VI. PSR ¶ 97. If Freeman's convictions in CR96-656 and CR96-1039 were counted as one conviction, this would only reduce his criminal history points by 3 resulting a 14 criminal history points which would still place Freeman in criminal history category VI.

Because Freeman's argument regarding the calculation of his criminal history is erroneous and would, in any event, not change his guideline sentencing range, it does not support a claim of ineffective assistance of counsel. See, Cassidy and Flores supra

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255, be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 4th day of May 2009.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE